IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MARCUS ZERON JONES, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 1:12-cv-00007 |
| ) | |
| ENOCH GEORGE, et al., ) | Judge Trauger |
| ) | |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Marcus Zeron Jones has filed a complaint under 42 U.S.C. § 1983 (ECF No. 1) alleging that his constitutional rights were violated when a mailroom clerk opened one piece of his legal mail outside his presence. By separately entered order, the court has granted the plaintiff's application to proceed without prepayment of fees and costs, and has directed that the complaint be filed *in forma pauperis*.

**I.**    **STANDARD OF REVIEW**

Under the Prison Litigation Reform Act (PLRA), the courts are required to screen a prisoner's civil complaint where, as here, the complaint is brought against a governmental entity or official. 28 U.S.C. § 1915A. After the initial screening, the Court must, based on the Sixth Circuit's interpretation of the PLRA, dismiss the complaint *sua sponte*, before service on any defendant, if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.**    **FACTUAL ALLEGATIONS**

In the present case, the plaintiff alleges that on September 1, 2011, while he was a pretrial detainee held at the Maury County Jail, he was informed by Officer D. Bailey that he had mail. The plaintiff retrieved his mail and discovered upon inspecting it that it was legal correspondence from his attorney, and that it was already opened. He asked the officer why the envelope had been opened, and the officer stated he did not

know but that the officer had not opened it. The plaintiff asserts that he submitted prison grievances against "everyone who was involved" (ECF No. 1, at 10), and eventually discovered that the letter had been opened by a receptionist at the jail, Lela Meksayo. Ms. Meksayo wrote the plaintiff a letter apologizing for having opened the letter by mistake. Her letter is attached to the complaint. The plaintiff asserts that he wrote to Sheriff Enoch George but received no response. As a result, the plaintiff states: "I felt they all had sport of this matter. So I want to put lawsuit on the whole staff . . ." (*Id.* (ellipsis in original).)

True to his word, the plaintiff names as defendants Sheriff Enoch George, Lela Meksayo, Lt. Debra Wagonschutz, John McGlasson, Officer D. Bailey, and Ray Odom. He names all the defendants in their individual and official capacity, and he seeks $1,000,000 in damages from each, except he seeks no relief from Ray Odom. The plaintiff lists the "Maury County Sheriff Department" as a defendant in the caption of his complaint, but he does not name the entity as a defendant in the body of his complaint and likewise does not indicate that he seeks damages from the Maury County Sheriff's Department *per se.*

### III. DISCUSSION

To state a claim under § 1983, the plaintiff must allege and show (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). The threshold question presented here is whether the plaintiff's allegations, accepted as true and construed liberally, suggest that he was deprived of a federally protected right.

The plaintiff has not indicated which federal rights he believes have been violated, but the Sixth Circuit has recognized that prisoners have a liberty interest in receiving their mail, *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010), and specifically a right to "unimpaired, confidential communication with an attorney," such that, "as a matter of law, mail from an attorney implicates a prisoner's protected legal mail rights." *Sallier v. Brooks*, 343 F.3d 868, 876 (6th Cir. 2003) (citation omitted).

The plaintiff, however, has failed to allege facts here that suggest his rights have been violated. Under factually similar (but much more egregious) circumstances, the Seventh Circuit has held that where mailroom staff at a prison unintentionally but repeatedly opened a prisoner's mail, the plaintiff failed to state a claim under the First Amendment against because he failed to allege that the opening of his mail was the

result of a "content-based prison regulation or practice," or to allege that the mail room staff delayed or lost any of his legal mail. *Lewis v. Cook Cnty. Bd. of Comm'rs*, 6 F. App'x 428, 430 (7th Cir. 2001) (quoting *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)). Likewise in the case at bar, the plaintiff has not alleged that one receptionist's unintentional opening of one piece of legal mail occurred pursuant to prison policy or practice, and he has not alleged that his mail was significantly delayed as a result of the error. The court finds that the complaint here fails to state a claim under the First Amendment based on the allegations that a receptionist opened one piece of the plaintiff's legal mail.

To the extent that the plaintiff seeks to state a cognizable claim under the Sixth Amendment for the deprivation of the right to counsel based on the receptionist's interference with his "legal mail," this claim also fails. The plaintiff has not alleged that the receptionist's act of opening one piece of legal mail "created any barrier to the prisoner's relationship with counsel." *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010). To state a § 1983 claim for deprivation of right to counsel, there must be some allegation indicating an interference with the prisoner's relationship with counsel. In order to state such a claim there must be something more than an allegation that one piece of his legal mail was opened outside his presence. *See Wolff v. McDonnell*, 418 U.S. 539, 576--77 (1974) ("As to the Sixth Amendment, its reach is only to protect the attorney-client relationship from intrusion in the criminal setting. . . .").

Finally, as to the possibility of a cognizable claim for denial of access to the courts by interfering with his "legal mail," the prisoner here does not allege that the receptionist's (or prison officials') conduct in any way affected his access to the courts. *Stanley*, 602 F.3d at 770 (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996) ("In order to state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation."); *Lewis v. Grider*, 27 F. App'x 282, 283 (6th Cir. 2001) (a prisoner's claim for interference with access to courts through opening legal mail failed "as he alleged no prejudice to any pending litigation")); *see also Lewis v. Cook County Bd. of Comm's*, 6 F. App'x 428, 430 (7th Cir. 2001) (plaintiff could not prevail when he did "not describe a single legal case or claim that was in any way thwarted because the mail room staff opened his legal mail.").

In sum, because the allegations in the plaintiff's complaint fail to establish that he was deprived of a right secured by federal law or the United States Constitution, the court finds that the complaint fails to state

a claim under 42 U.S.C. § 1983 for which relief may be granted.

**IV.    CONCLUSION**

For the reasons set forth herein, the court finds that the complaint fails to state a claim for which relief may be granted. Pursuant to the Sixth Circuit's interpretation of the PLRA, the complaint must therefore be dismissed.

An appropriate order will enter.

Aleta A. Trauger
United States District Judge